UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
GLEN RIDGE SURGICENTER, LLC,        :
individually and on behalf of all others  :   Honorable Madeline Cox Arleo
similarly situated,                 :   Civil Action No. 08-6160 (JLL)
                                    :
        Plaintiff,                  :   **REPORT AND RECOMMENDATION**
                                    :            **AND ORDER**
v.                                  :
                                    :
HORIZON BLUE CROSS AND BLUE         :
SHIELD OF NEW JERSEY,               :
                                    :
        Defendant.                  :
_____ :

Before the Court are the following applications: (1) the motion of Plaintiff, Glen Ridge SurgiCenter, LLC (hereinafter "Glen Ridge or Plaintiff"), individually, and on behalf of the putative statewide class of out-of-network ambulatory surgical centers in New Jersey seeking leave to file an Amended Complaint (Civ. No. 08-6160 at Dkt. No. 41); (2) Plaintiff's motion to remove the designation of confidentiality (Civ. No. 08-6160 at Dkt. No. 36); (3) Plaintiff's motion to appoint the law firms of Nagel Rice, LLP ("Nagel Rice") and Lampf, Lipkind, Prupis & Petigrow (the "Lampf firm") as co-lead interim class counsel (Civ. No. 08-6160 at Dkt. No. 35); and (4) the motion of Defendant Horizon Blue Cross Blue Shield of NJ, Inc. ("Horizon") to enforce settlement (Civ No. 08-6160 at Dkt. No. 54).

Each of the motions are opposed.  District Judge Linares referred Horizon's motion to enforce the settlement to me for Report and Recommendation. No oral argument was heard concerning any of the motions pursuant to Fed. R. Civ. P. 78.

After considering the arguments in support of and in opposition to the motions, for good

cause shown, and for the reasons expressed below, Plaintiff's motion to amend is **GRANTED**; Plaintiff's motions to remove the confidentiality designation and for appointment of co-lead interim counsel are **DENIED WITHOUT PREJUDICE**; and the Court respectfully recommends that Horizon's motion to enforce the settlement be **GRANTED IN PART**.

I.      BACKGROUND

On December 15, 2008, Glen Ridge filed the instant action, individually, and on behalf of a putative statewide class of out-of-network ambulatory surgical centers ("surgical centers") in New Jersey against Horizon. Glen Ridge alleges that Horizon owes payments due under the terms of applicable health benefits plans for services that Glen Ridge and other surgical centers provided to patients covered under these plans.

The Court highlights the following relevant procedural history. After the conclusion of dispositive motion practice, on November 9, 2009, the parties appeared for an initial scheduling conference before this Court. While limited discovery was exchanged, the parties engaged in settlement discussions. Beginning on May 14, 2010, the Court conducted the first of several settlement conferences with the parties.

In the interim, on June 16, 2010, this action was consolidated with two related actions entitled, Gregory Surgical Services, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Civ. No. 06-cv-462 (GEB) (the "Gregory Action"), and Wayne Surgical Center, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Civ. No. 10-cv-2133 (GEB) (the "Wayne Action"). (See 6/16/10 Order, Civ. No. 08-6160 Dkt. No. 24). On October 15, 2010, the parties collectively reached a class action settlement that the Court preliminarily approved. The settlement, however, was never consummated. By Order dated March 15, 2011, the Court vacated its

preliminary approval.  (See 3/15/11 Order, Civ. No. 06-462 at Dkt. No. 126).

On May 25, 2011, the Court entered an order, inter alia, granting Glen Ridge's motion to file an amended complaint and directing class discovery to be completed by September 1, 2011.[1] (See 5/25/11 Order, Civ. No. 08-6160 at Dkt. No. 30).  On the same date, the Court issued another order, vacating its June 16, 2010 order of consolidation, administratively terminating the Gregory Action, and coordinating the Wayne and Glen Ridge actions for discovery purposes only.  (See 5/25/11 Order, Civ. No. 08-6160 at Dkt. No. 31).

By letter dated June 21, 2011, plaintiff's counsel advised the Court that Horizon had begun negotiating a settlement directly with a representative of Glen Ridge without counsel's involvement.  (See Civ. No. 08-6160 at Dkt. No. 34).  At a hearing on July 13, 2011, the parties advised that a settlement of Glen Ridge's individual claims against Horizon had been reached, but a settlement agreement had not yet been signed.  (See Sealed 7/13/11 Tr. at 10-11, 13, 20-21, Civ. No. 06-462 at Dkt. No. 143).  Counsel for plaintiff advised that it planned to immediately file a motion to amend to add a new class representative.  (See id. at 11).

On the next day, July 14, 2011, plaintiff filed the motion to designate North Jersey Ambulatory Surgery Center ("NJASC"), as a substitute representative plaintiff.  (See Civ. No. 08-6160 at Dkt. No. 41).  At the time the motion was filed, no order of dismissal had been entered.  (See Sealed 7/13/11 Tr. at 21-23, Civ. No. 06-462 at Dkt. No. 143; see also Sealed

---

[1] A review of the official dockets in the Gregory Action, 06-462; Wayne Action, 10-2133; and the instant action, 08-6160, reveal that Glen Ridge did not file the amended complaint as directed in May 2011.  As set forth in more detail herein, Horizon has designated as confidential certain discovery items referenced in plaintiff's proposed amended complaint.  Plaintiff objects to these confidentiality designations, and has filed a motion to remove such designations. (Dkt. No. 36).  Plaintiff asks the Court to first resolve its motion before it filing the amended complaint.  (See Dkt. No. 36-2 at 1).

7/15/11 Tr. at 4, Civ. No. 06-462 at Dkt. No. 144).

On the same day, July 14, 2011, Horizon and Glen Ridge entered into a Confidential Settlement Agreement and Mutual General Release ("Settlement Agreement"). (See Exh. A att. to Horizon Mtn to Enforce at Civ. No. 08-6160 at Dkt. No. 54). On July 15, 2011, the parties reported that the Settlement Agreement had been signed and requested that an order of dismissal be entered. (See Sealed 7/15/11 Tr. at 4, Civ. No. 06-462 at Dkt. No. 144).

## II.     ANALYSIS

Plaintiff moves to amend to designate NJASC as a substitute representative plaintiff. Plaintiff asserts that the motion is necessary to address Horizon's improper attempt to "pick off" Glen Ridge from its role as class representative by settling Glen Ridge's individual claims. In opposition, Horizon argues that Glen Ridge's claims are mooted by its voluntary settlement before class certification. As such, Horizon argues that since no viable claims remain in the action the Court should enter the executed stipulation of dismissal and dismiss the action with prejudice.

### A.     Mootness

As a preliminary matter, this Court must determine whether this instant action is moot under the unique circumstances present. Federal courts have limited jurisdiction to hear only actual "cases and controversies." Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004) (citing U.S. Const. Art. III § 2). Accordingly, "[w]hen the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction." Id. (internal citation omitted).

"An offer of complete relief will generally moot the plaintiff's claim, as at that point the

plaintiff retains no personal interest in the outcome of the litigation." Id. See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992) (noting that "[s]ettlement of a plaintiff's claims moots an action."). In the class action context, the Third Circuit has held "a class action may be dismissed when the named plaintiff's claim is rendered moot before filing a motion for class certification." Id. at 343 (citing Brown v. Phila. Hous. Auth., 350 F.3d 338, 343 (3d Cir. 2003). "'[W]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required.'" Brown, 350 F.3d at 343 (quoting Lusardi, 975 F.2d at 974).

Yet, the Third Circuit has noted that "conventional mootness principles do not fit neatly within the [class] representative action paradigm." Symczyk v. Genesis Healthcare Corp., __ F.3d __, 2011 WL 3835404, at * 4 (3d Cir. Aug. 31, 2011). See Lusardi, 975 F.2d at 974. In the class action context, "the named plaintiff purports to represent an interest that extends beyond his own." Lusardi, 975 F.2d at 974. The difficulty in interpreting and applying mootness principles in a class action context are best illustrated by the Third Circuit's decisions in Weiss and Lusardi, which, unlike the instant case, were not analyzed in the context of a motion to amend to add a new class representative before an order of dismissal was entered.

In Weiss, an individual consumer brought a putative class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, seeking statutory damages. Weiss, 385 F.3d at 339. The class representative amended the complaint seeking declaratory and injunctive relief under the FDCPA and adding a co-defendant. Shortly after the filing of the amended complaint, and before the plaintiff moved to certify a class, the defendants made an offer of judgment for monetary damages under FED. R. CIV. P. 68 to the plaintiff to satisfy his individual claims only. Id. at 339-40. The offer was made in the maximum amount recoverable by an

individual under the FDCPA.  Id. at 339.  The plaintiff declined the offer, and the defendant moved to dismiss for lack of subject matter jurisdiction, arguing the plaintiff's claim was rendered moot by the Rule 68 offer because the offer provided the plaintiff the maximum damages recoverable under the FDCPA.  Id. at 340.  The district court agreed, and dismissed the class action complaint.  Id.

On appeal, the Third Circuit noted that the defendants' Rule 68 offer did not provide the maximum statutory damages available to the putative class, which is greater for class actions under the FDCPA.  Id. at 342.  As such, the Third Circuit addressed the mootness issue in the context of the defendants' Rule 68 offer excluding relief for the putative class.  Id.  The Third Circuit held, inter alia, that absent undue delay in moving for class certification, a defendant's offer of judgment to an individual claim will not moot the putative class action, and the district court should relate the certification motion back to the filing of the class complaint.  Id. at 348.

The Weiss court reasoned that the defendants "used the Rule 68 offer to thwart the putative class action before the certification question could be decided."  Id. at 349.  The Court further noted that, although the plaintiff Weiss's claims were not "inherently transitory," they were vulnerable to being rendered moot by the defendant's ability to unfairly use a Rule 68 offer to "pick off" a lead plaintiff to avoid a class action.  Id. at 347.

In deciding Weiss, the Court was careful to distinguish its earlier ruling in Lusardi v. Xerox Corp., 975 F.2d 964 (3d Cir. 1992).  In Lusardi, former salaried employees filed an age discrimination class action against Xerox.  Following two orders decertifying a class, the named plaintiffs agreed to fully and unconditionally release their individual age discrimination claims through a Memorandum of Understanding ("MOU").  Lusardi, 975 F.2d at 968.  The district

court executed the MOU, placed it on the record, and then entered a Stipulation and Order, dismissing all of the named plaintiffs' individual claims.  Id.

The plaintiffs subsequently filed a new motion for class certification.  The defendants opposed based, in part, on mootness because the dismissal of the named plaintiffs' individual claims deprived the district court of jurisdiction to address the renewed class certification motion.  Id.  The district court agreed with the defendants and dismissed the class claims as moot and then dismissed the case in its entirety because no live "case or controversy" remained.  Id.  In affirming judgment, the Third Circuit reasoned that after the voluntary settlement of the named plaintiffs' individual claims they were not authorized to "seek to re-open the case by presenting a new motion for class certification before the district court.  Id. at 979-80.

In distinguishing Lusardi, the Third Circuit in Weiss noted:

> Unlike the case here, *Lusardi* did not involve an offer of judgment made in response to the filing of a complaint.  The named plaintiffs voluntarily entered into individual settlements subsequent to class decertification.  *See id.* at 979. . . .  In this appeal, the 'picking off' scenarios described by the Supreme Court in *Roper* are directly implicated.  In *Lusardi* they were not. . . .  In *Lusardi*, no unilateral action by the Defendant rendered the plaintiffs' claims 'inherently transitory.'  Defendants here used the Rule 68 offer to thwart the putative class action before the certification question could be decided.

Weiss, 385 F.3d at 349.[2]

Against this judicial landscape, the Court considers the unique circumstances of the instant action – i.e., before moving for class certification, the named plaintiff voluntarily settles

---

[2] Last month, in Symczyk, 2011 WL 3835404, at * 4 n.8, the Third Circuit reiterated its holding in Weiss and highlighted the distinguishing set of circumstances that warranted its rulings in Weiss as compared with those reached in Lusardi.

its individual claims. However, although a settlement agreement is executed on the same date that the named plaintiff moves to amend the complaint to designate a substitute named plaintiff, no stipulation of dismissal or order of dismissal has yet been filed.

The Court finds that these unusual circumstances are not squarely addressed by <u>Weiss</u>, <u>Lusardi</u>, or any of the other cases on which the parties rely to support their respective positions. On the one hand, like the plaintiffs in <u>Lusardi</u> and <u>Brown</u>, Glen Ridge here has voluntarily settled its individual claims against Horizon. However, Glen Ridge moved to amend before the parties executed the Settlement Agreement and without the Court having issued any order dismissing Glen Ridge's individual claims. And although the settlement was not the result of the unilateral actions of Horizon as in <u>Weiss</u>, it appears that settlement discussions began without the knowledge of plaintiff's counsel and were pursued expeditiously before a motion to amend could have been filed.

Finally, none of the cases cited by the parties were decided in the context of a motion to amend the complaint. Accordingly, none of these cases control this action. Rather, given the fact that the motion to amend was filed on the same day Glen Ridge executed the Settlement Agreement relating to its individual claims and without this Court having issued any order dismissing the named plaintiff's individual claims, the Court is satisfied that Glen Ridge's individual claims were not rendered moot at the time the motion to amend was filed. Thus, the Court is not deprived of jurisdiction to consider Glen Ridge's motion to amend because a "case and controversy" exists.

**B.   Plaintiff's Motion To Amend**

The Court now turns to the merits of plaintiff's motion to amend under Rule 15(a)

standards although the parties do not address them.  Under Rule 15(a)(2), other than in situations not present here, a party may amend only with the consent of the adverse party or permission from the Court.  FED. R. CIV. P. 15(a)(2); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  Rule 15(a)(2) provides that "[t]he court shall freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Thus, a general presumption exists in favor of allowing a party to amend its pleadings.  Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Leave to amend, however, may be denied for reasons such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment.  Foman, 371 U.S. at 182; Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984);  Ronson v. Talesnick, 33 F. Supp.2d 347, 356 (D.N.J.1999) (citing Erkins v. Case Power & Equip. Co., 164 F.R.D. 31, 32 (D.N.J.1995)).

With respect to the issue of delay, the Third Circuit has stated that:

> [t]he passage of time, without more, does not require that a motion to amend a [pleading] be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.  The question of undue delay, . . ., requires that we focus on the [movant's] motives for not amending [its pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [opposing party].

Adams, 739 F.2d at 868.  Significantly, "[d]elay may become undue when a movant has had previous opportunities to amend a [pleading]."  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).

The record demonstrates that Glen Ridge's motion was not brought after undue delay.  As

9

detailed above, since the action was filed in 2008, the parties have engaged only in dispositive motion practice as well as protracted and unsuccessful class settlement attempts. Additionally, very little discovery has been taken. Before Glen Ridge and Horizon began settlement discussions in May 2011, Glen Ridge did not need to seek an amendment to designate a new class representative. Once the settlement became imminent, Glen Ridge promptly filed the instant motion.

Additionally, allowing the amendment will not unduly prejudice Horizon. First, only very limited discovery has occurred. Furthermore, as plaintiff seeks to amend only to designate a new class representative, the proposed amendment does not involve a change of legal theories. Finally, Horizon does not specifically argue futility of amendment. To the extent Horizon argues that Glen Ridge's voluntary settlement of its individual claims renders the amendment moot, the Court has already rejected this argument.

In short, under the liberal pleading standards of Rule 15(a), the motion to amend is granted.

      **C.**      **Horizon's Motion To Enforce Settlement**

Horizon moves to enforce the Settlement Agreement, arguing that the parties have voluntarily settled their claims as evidenced by the fully executed and filed stipulation of dismissal with prejudice. As such, Horizon contends that the entire action has been resolved, and the Court should enter an order of dismissal with prejudice. In opposition, Glen Ridge concedes that it has settled its individual claims, warranting dismissal of same. Yet, it contends that the motion to amend, if granted, would sustain the putative class' claims against Horizon. Accordingly, the motion to enforce the Settlement Agreement should only be granted as to Glen

Ridge's claims only.

The pertinent terms of the Settlement Agreement are as follows: (1) Glen Ridge and Horizon will enter into a participating provider agreement; (2) Horizon will agree to pay Glen Ridge a specific sum;[3] (3) Glen Ridge will release all claims against Horizon; and (4) Glen Ridge will dismiss the action with prejudice and file a stipulation of dismissal with prejudice. (See Exh. A att. to Horizon Mtn to Enforce).

As this Court has already determined that Glen Ridge's motion to amend should be granted, a new named plaintiff, NJASC, will be substituted into the action to represent the putative class. With respect to the settlement of Glen Ridge's individual claims only against Horizon, the Court respectfully recommends that the motion to enforce be granted and that an order of dismissal as to Glen Ridge's individual claims only be entered.

### D.    Plaintiff's Motion To Remove Confidentiality Designation

Plaintiff seeks to remove the confidentiality designation Horizon assigned to specific Horizon documents which plaintiff has referenced in its proposed Amended Complaint. The Court notes, however, that no discovery confidentiality order was ever entered in this case pursuant to Local Civil Rule 5.3(b) and Appendix S.[4] Accordingly, before the Court can resolve any disputes regarding confidentiality, the parties are directed to meet and confer and submit a discovery confidentiality order consistent with the local rule referenced above. Plaintiff can then

---

[3] As the parties agreed to keep the specific payment amount confidential and this amount is not relevant to the Court's analysis herein, the Court will not disclose it in this opinion.

[4] It appears that while the now separate deconsolidated Wayne Action was pending in state court, the parties entered a state court Confidentiality Order. No Order was ever entered here in any of the consolidated cases.

challenge any designated confidential documents in response to Horizon filing the appropriate motion to seal pursuant to Local Civil Rule 5.3(c). Parties are directed to meet and confer and submit to the magistrate judge in an agreed-to form of confidentiality order within ten (10) days of the date hereof. Accordingly, plaintiff's motion to remove the confidentiality designation is denied without prejudice.

    E.  **Plaintiff's Motion To Appoint Co-Lead Interim Class Counsel**

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(2)(A). Here, given the unique procedural history as well as the Court's rulings on plaintiff's motion to amend and Horizon's motion to enforce the settlement, the Court finds that plaintiff's motion to appoint interim class counsel is premature. First, no other similar class actions are pending at this time. Thus, there is no danger of any rivalry or confusion that may make appointment of interim counsel appropriate in other class actions. Second, plaintiff's current counsel may obtain class discovery and undertake the necessary steps to move for class certification without the need to be appointed interim class counsel. Finally, even if plaintiff's counsel may be appropriately appointed as interim class counsel, such a determination should not be made until Horizon has had an opportunity to take some discovery, including the deposition of NJASC, the newly named class representative.

Accordingly, plaintiff's motion to appoint Nagel Rice and the Lampf firms as interim class counsel is denied without prejudice. Plaintiff may re-file the motion after the relevant discovery is taken and/or in the event other putative class actions are filed against Horizon arising from a similar set of facts concerning reimbursement for patient services.

**III.    CONCLUSION**

Having considered the parties' submissions, having good cause, and for the reasons set forth above, plaintiff's motion for leave to file an amended complaint, (Civ. No. 08-6160 at Dkt. No. 41), is **GRANTED**.  Plaintiff shall file the amended complaint, consistent with the redacted form attached as Exhibit A to the July 14, 2011 Certification of Bruce Nagel, (see Civ. No. 08-6160 at Dkt. No. 41-2), within seven days after Judge Linares renders a decision on this Court's Report and Recommendation on Horizon's motion to enforce contained herein.  Additionally, for the foregoing reasons, plaintiff's motions' to remove the confidentiality designation, (Civ. No. 08-6160 at Dkt. No. 36), and for appointment of co-lead interim counsel, (Civ. No. 08-6160 at Dkt. No. 35), are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Finally, it is respectfully recommended that defendant Horizon's motion to enforce the settlement, (Civ. No. 08-6160 at Dkt. No. 54), be **GRANTED IN PART AND DENIED IN PART**.  The parties have fourteen (14) days from the date hereof to file objections.


Dated: September 16, 2011             *s/Madeline Cox Arleo*
                                      MADELINE COX ARLEO, U.S.M.J.