NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLEN RIDGE SURGICENTER, LLC, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS AND BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Civil Action No.: 08-6160 (JLL)<br><br>**OPINION ADOPTING SEPTEMBER 16, 2011 REPORT AND RECOMMENDATION AND ORDER** |

**LINARES**, District Judge.

This matter comes before the Court on Defendants' objection to Magistrate Judge Madeline Cox Arleo's Report and Recommendation and Order dated September 16, 2011. Judge Arleo considered and ruled on the following applications: (1) the motion of Plaintiff, Glen Ridge SurgiCenter, LLC (hereinafter "Glen Ridge" or "Plaintiff"), individually, and on behalf of the putative statewide class of out-of-network ambulatory surgical centers in New Jersey seeking leave to file an Amended Complaint; (2) Plaintiff's motion to remove the designation of confidentiality; (3) Plaintiff's motion to appoint the law firms of Nagel Rice, LLP ("Nagel Rice") and Lampf, Lipkind, Prupis & Petigrow (the "Lampf firm") as co-lead interim class counsel; and (4) the motion of Defendant Horizon Blue Cross Blue Shield of NJ, Inc. ("Horizon" or "Defendant") to enforce settlement. The latter, Defendant's motion to enforce settlement, was referred to Judge Arleo for Report and Recommendation, as it concerns a dispositive issue.

The Court decides this matter without oral argument pursuant to Rule 78 of the Federal

Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Arleo's September 16, 2011 Report and Recommendation and affirms her Order, and thus grants Horizon's motion to enforce the settlement as to Glen Ridge's individual claims only.

## FACTUAL AND PROCEDURAL HISTORY

A detailed factual background of this case is set forth in Magistrate Judge Arleo's September 16, 2011 Report and Recommendation and Order. As the Court writes only for the parties, the underlying facts will not be repeated here, except where necessary to provide context for this Court's review of same.

In the wake of protracted litigation and settlement discussions that fell through, the Court entered an order on May 25, 2011 granting a motion to file an amended complaint by Glen Ridge and directing that class discovery be completed by September 1, 2011. Plaintiff's counsel advised the Court that Horizon was negotiating directly with a representative of Glen Ridge without counsel's involvement on June 21, 2011. On July 13, 2011, the parties advised the Court of a settlement regarding Glen Ridge's individual claims, but a settlement agreement remained unsigned. The following day, July 14, 2011, plaintiff filed a motion to add a new class representative and Horizon and Glen Ridge entered into a Confidential Settlement Agreement and Mutual Release ("Settlement Agreement"). On July 15, 2011, the parties represented to the Court that the Settlement Agreement had been executed and requested that the Court enter an order of dismissal.

By way of Report and Recommendation and Order dated September 16, 2011, Magistrate Judge Arleo recommended that this Court deny Defendant's motion to enforce settlement,

finding that as Plaintiff Glen Ridge's motion to amend should be granted and a new named plaintiff substituted to represent the putative class, the motion to enforce should be granted only with respect to the settlement of Glen Ridge's individual claims. (R&R, 11). Specifically, Judge Arleo found that "Glen Ridge [] has voluntarily settled its individual claims against Horizon." (R&R, 8). In addition, she observed that "Glen Ridge moved to amend before the parties executed the Settlement Agreement and without the Court having issued any order dismissing Glen Ridge's individual claims." Id. Defendant now objects to the Report and Recommendation and appeals the Order arguing that "this action is moot and the Court cannot limit the dismissal to Glen Ridge's 'individual claims only,'" and asks the Court to dismiss with prejudice the entire action. (Def.'s Opp'n Br., 3).

## LEGAL DISCUSSION

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the

3

motion is dispositive or non-dispositive. With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); see also Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

A United States magistrate judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of Camden, 2002 WL 1754493, *3 (D.N.J. Jul. 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).

Here, the parties dispute the extent to which the motion to enforce settlement should be granted and whether allowing amendment was proper. Although Defendant agrees that the motion to enforce settlement should be granted, Defendant argues that the case should be dismissed in its entirety. Defendant makes this objection despite the fact that the same argument was made in the underlying motion to enforce settlement.

Judge Arleo was correct in delineating which portions of her Report and Recommendation and Order constitute non-dispositive motions.[1] Thus, the Court will review Judge Arleo's decision regarding Plaintiff's motion to amend for clear error and will review the motion to enforce settlement de novo.[2]

First, Federal Rule of Civil Procedure 15(a) provides, in relevant part, that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Judge Arleo held that "given the fact that the motion to amend was filed on the same day Glen Ridge executed the Settlement Agreement relating to its individual claims and without this Court having issued any order dismissing the named plaintiff's individual claims, the Court is satisfied that Glen Ridge's individual claims were not rendered moot at the time the motion to amend was filed." (R&R, 8). In justifying her holding that leave to amend should be granted, Judge Arleo found that there was no undue delay

---

[1] "Magistrate Judges are called on as a matter of routine to decide procedural questions that arise in the course of litigation." L. Civ. R. 72.1(a) cmt. "There is no doubt that in this district motions to amend are decided by the magistrate." Jordan v. Tapper, 143 F.R.D. 575 (D.N.J. 1992) (citing Zeller Plastik, Cohen, Gravner v. Joyce Molding, 698 F. Supp. 1204 (D.N.J. 1988); William Cohen & Son v. All American Hero, Inc., 693 F. Supp. 201 (D.N.J. 1988)).

[2] "[T]he clearly erroneous or contrary to law standard of review is applicable to a motion to amend on appeal from a magistrate decision." United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 315 n.5 (D.N.J. 2009).

and, in fact, "once the settlement became imminent, Glen Ridge promptly filed the instant motion." (R&R, 10). Additionally she reasoned that allowing the amendment would not unduly prejudice Horizon because only limited discovery had occurred and the proposed amendment did not involve different legal theories." "Upon review by a district court of a nondispositive matter, the magistrate judge is accorded wide discretion." Miller v. Beneficial Mgmt. Corp., 844 F. Supp. 990, 997 (D.N.J. 1993). Defendants continue to rely on the same cases that the Report and Recommendation and Order notes were not decided in the context of a motion to amend the complaint. Thus, the Court finds that Judge Arleo's determination was by no means made in clear error. With this determination in mind, the Court now turns to the issue of whether or not the motion to enforce settlement should be granted.

"The enforceability of settlement agreements is governed by contract law. New Jersey law provides that 'where the terms of a contract are clear or unambiguous there is no room for interpretation or construction and courts must enforce those terms as written." Agnes ex rel. Agnes v. E.I. Du Pont Nemours and Co., Civ. No. 98-1405, 2011 WL 1322043, * 6 (D.N.J. 2011). New Jersey has a strong public policy in favor of settling litigation and courts will give effect to the terms of a settlement wherever possible. McDonnell v. Engine Distributors, Civ. No. 03-1999, 2007 WL 2814628, *3 (D.N.J. Sept. 24, 2007).

The settlement agreement at issue provides, in relevant part, as follows: (1) Glen Ridge and Horizon are to enter into a participating provider agreement; (2) Horizon agrees to pay Glen Ridge a confidential sum; (3) Glen Ridge agrees to release all claims against Horizon; and (4) Glen Ridge will dismiss the action with prejudice and file a stipulation of dismissal with prejudice. (Docket Entry No. 54-2).

Plaintiff argues that the settlement "makes no mention of the right to pursue leave to amend, nor does it anywhere purport to release anything more than Glen Ridge SurgiCenter's individual claims." The Court agrees with that interpretation. Indeed, Defendant concedes that the settlement was only as to claims by Glen Ridge: "Because, no class was ever certified, there are only individual claims in this case." (Def.'s Mtn, 8).

Judge Arleo correctly determined that the issue of whether or not the motion to enforce settlement could be granted in its entirety was directly related to Plaintiff's motion to amend. Having already determined that Judge Arleo did not grant leave to amend in clear error, the settlement should be enforced according to its terms, as to Glen Ridge. Thus, the action should not be dismissed with prejudice in its entirety and Defendant's objections are overruled accordingly.

## CONCLUSION

Having thoroughly reviewed Magistrate Judge Arleo's Report and Recommendation and Order and the parties submissions, this Court hereby adopts Magistrate Judge Arleo's Report and Recommendation dated September 16, 2011, including the findings of fact and conclusions of law, and thus grants Defendant's motion to enforce settlement as to Glen Ridge only.

An appropriate Order accompanies this Opinion.

DATED: November 22, 2011

Jose L. Linares
United States District Judge