UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY AMBULATORY SURGERY CENTER, LLC, *individually and on behalf of all others similarly situated,*<br><br>    Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>    Defendant. | CIVIL ACTION NO. 08-cv-6160(JLL)<br><br>Motion Date: February 6, 2012<br><br>Oral Argument Requested |

---

### MEMORANUDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

---

Bruce Nagel
Robert H. Solomon
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400

Thomas A. Gentile
Neil L. Prupis
LAMPF LIPKIND PRUPIS & PETIGROW
80 Main Street
West Orange, New Jersey 07052
(973) 325-2100
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY AMBULATORY SURGERY CENTER, LLC, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Defendant. | CIVIL ACTION NO. 08-cv-6160(JLL) <br><br> Motion Date: February 6, 2012 <br><br> Oral Argument Requested |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs respectfully submit this memorandum of law in support of their motion for leave to amend the Complaint to add Barbara Edwards, in her capacity as Trustee in Bankruptcy of Roxbury Surgical Center, LLC, f/d/b/a Roxbury Open MRI and Surgery Center ("Roxbury") as a representative class plaintiff.

PRELIMINARY STATEMENT

In this class action, North Jersey Ambulatory Surgery Center, LLC ("North Jersey") sues as a beneficiary of small employer, large employer and self-insured health benefits plans administered by Horizon, to recover funds that Horizon, in violation of ERISA and the terms of those plans, failed to pay

1

to North Jersey and those similarly situated. North Jersey was recently joined as a class representative in late November, 2011. No discovery has commenced with regard to North Jersey since its joinder. Roxbury is currently in bankruptcy. The Bankruptcy Court recently granted Roxbury authorization to serve as a representative plaintiff in this class action. Plaintiffs now seek to amend the complaint to add Roxbury as an additional class representative.

PROCEDURAL HISTORY

A.   WAYNE SURGICAL LAWSUIT

Wayne Surgical filed a class action in the Superior Court of New Jersey, on April 12, 2005, alleging various state common law claims as well as violations of the New Jersey Administrative Code. ("Wayne Surgical Lawsuit"). In later pleadings Wayne Surgical also sought relief pursuant to ERISA. Wayne Surgical sought to recover from Horizon the full amount of payment that Horizon is required to make to Wayne Surgical (and to similarly situated licensed ambulatory surgical centers) for services provided to Horizon insureds. After several motions to remove and to remand were litigated, on April 27, 2010, with the consent of all parties, Horizon removed the Wayne Surgical Lawsuit to Federal Court.

2

B.  GREGORY SURGICAL LAWSUIT

On or about December 21, 2005, Gregory Surgical Services, LLC filed a class action in New Jersey Superior Court alleging various state common law claims as well as violations of the New Jersey Administrative Code. ("Gregory Surgical Lawsuit"). On January 31, 2006, the Gregory matter was removed to the United States Court for the District of New Jersey. Numerous motions to dismiss were filed by Horizon and the court issued a number of opinions. Gregory Surgical v. Horizon, 2006 WL 1541021 (D.N.J.); Gregory Surgical v. Horizon, 2006 WL 3751385 (D.N.J.); Gregory Surgical v. Horizon, 2007 WL 4570323 (D.N.J.); and Gregory Surgical v. Horizon, 2009 WL 749795 (D.N.J.). In addition, an Amended Complaint was filed on July 7, 2006 which limited the matter only to a single plaintiff case and removed the class action claims. In addition, a Second Amended Complaint was filed on February 1, 2007, a Third Amended Complaint was filed on February 4, 2008 and a Fourth Amended Complaint was filed on July 9, 2008. In the amended complaints, Gregory Surgical sought to recover from Horizon the full amount of payments that Horizon is required to make to Gregory Surgical for services that Gregory Surgical provided to Horizon insureds.

C.  GLEN RIDGE SURGICENTER

On or about December 15, 2008, Glen Ridge SurgiCenter filed a class action in Federal Court alleging various state common law claims, violations of the New Jersey Administrative Code and ERISA. ("Glen Ridge Lawsuit"). Glen Ridge sought to recover from Horizon the full amount of payment that Horizon, under ERISA, is required to make to Glen Ridge (and to similarly situated unlicensed, one-room ambulatory surgical centers) for services provided to patients whom Horizon insures.

D.  CONSOLIDATION

On June 16, 2010, the Wayne Surgical Lawsuit and the Glen Ridge Lawsuit were consolidated into the Gregory Lawsuit.

E.  ATTEMPTED SETTLEMENT

The parties entered into a settlement agreement with regard to the class claims. The Court granted preliminary approval of the settlement. Eventually, however, Horizon chose to terminate the settlement pursuant to its terms because of the number of opt-outs. The Wayne Surgical Case was deconsolidated and remains as an active, individual action on the docket. The Glen Ridge Lawsuit was settled and Glen Ridge's individual claims were dismissed. The Gregory Surgical Lawsuit was administratively dismissed without prejudice.

F. NORTH JERSEY RECENTLY ADDED AS A REPRESENTATIVE CLASS PLAINTIFF

On July 14, 2011, Glen Ridge filed a motion to amend to add North Jersey as a representative plaintiff. (ECF document #41). On September 16, 2011, Judge Arleo granted the motion to amend. (ECF document #64). On November 22, 2011, this Court affirmed Judge Arleo's decision. (ECF document #73). On November 30, 2011, Plaintiffs filed their amended complaint pursuant to Judge Arleo's directive. (ECF document #64). Defendants filed a motion to dismiss the amended class action complaint on December 14, 2011.

G. ROXBURY SURGICAL CENTER

Roxbury is a limited liability company organized and existing under the laws of the State of New Jersey. From 1998 through 2010 Roxbury was engaged in the business of providing ambulatory surgical services to patients, doing business under the name Roxbury Open MRI and Surgery Center. On May 27, 2010, Roxbury filed in the United States Bankruptcy Court for the District of New Jersey a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. On May 28, 2010, the United States Bankruptcy Court for the District of New Jersey appointed Barbara Edwards as the Trustee in Bankruptcy for Roxbury. On September 22, 2011, United States Bankruptcy

5

Judge Donald H. Steckroth issued an order authorizing Ms. Edwards to serve as a representative plaintiff in this action. Attached as Exhibit B to the Solomon Cert. is a true and correct copy of Judge Steckroth's order.

Plaintiffs now seek leave to file an amended complaint to add Roxbury as a representative class plaintiff.

STATEMENT OF FACTS

North Jersey is, and Roxbury was, an ambulatory surgical center engaged in the business of providing ambulatory surgical services to patients. An ambulatory surgical center is a facility at which outpatient surgeries are performed.

Horizon is a not-for-profit health service corporation organized and existing under the laws of the State of New Jersey. Horizon provides health care benefit plans and policies of insurance to its subscribers. Horizon offers health care plans that provide covered benefits for "in-network" services rendered by "participating" providers who have contracted with Horizon and for "out-of-network" services rendered by "non-participating" providers who have not contracted with Horizon.

In this class action, the Plaintiffs seek to recover from Horizon the full amount of payments that Horizon, under the terms of applicable health benefits plans, is required to make

to the Plaintiffs for services that the Plaintiffs provided to patients covered under plans that Horizon administers.

## LEGAL ARGUMENT

I. THIS COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND THE COMPLAINT UNDER FED. R. CIV. P. 15

This Court should grant to the Plaintiffs leave to file the Amended Class Action Complaint that is attached as Exhibit A to the accompanying Certification of Robert H. Solomon. The primary difference between the proposed Amended Class Action Complaint and the current complaint is the addition of Roxbury as a representative plaintiff. In addition, the proposed amended complaint adds information regarding Roxbury and clarifies certain factual allegations.

As the United States Supreme Court has stated, "Rule 15(a) states that leave to amend a pleading 'shall be freely given when justice so requires'; this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, the United States Court of Appeals for the Third Circuit has "shown a strong liberality in allowing amendments under Rule 15(a)." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). "This liberal amendment philosophy limits the district court's discretion to deny leave to amend. The district court may deny leave to amend only if a plaintiff's delay in seeking amendment

7

is undue, motivated by bad faith, or prejudicial to the opposing party." Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984).

Although these three factors are listed separately, in practice, they merge into a single inquiry: whether the amendment would cause undue prejudice. See USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004) ("substantial or undue prejudice to the nonmoving party . . . is the touchstone for the denial of an amendment") (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993); Miller v. Beneficial Mgmt. Corp., 844 F. Supp. 990, 999 (D.N.J. 1993) (even "unjustified delay and bad faith in seeking an amendment [can] not defeat a motion to amend without a showing that the delay caused actual prejudice to the nonmoving party"), citing Heyl & Patterson Intl, Inc. v. F.D. Rich Housing, Inc., 663 F.2d 419, 426 (3d Cir. 1981); Kovats v. Rutgers, 633 F. Supp. 1469, 1476 (D.N.J. 1986) ("Any alleged delay absent a showing of bad faith does not warrant denial of leave to amend.").

This Court should grant the Plaintiffs' motion for leave to amend the complaint because there is not, and cannot be, any prejudice to Horizon. The Bankruptcy Court order authorizing Roxbury to serve as a representative plaintiff in this action was entered in September, 2011. Plaintiffs could not seek to join Roxbury as a representative plaintiff until after the court

8

entered its order regarding the motion to join North Jersey. That order was entered approximately one month ago on November 22, 2011. North Jersey filed its amended complaint less than a month ago on November 30, 2011. North Jersey's motion to join Roxbury is thus made timely and results in no prejudice to Horizon.

Roxbury's joinder as a class representative is important. Horizon has a history in this case of trying to pick off representative plaintiffs. In brass knuckles fashion, Horizon attempted to derail this class action by settling with Glen Ridge, the lone class representative at the time. The Court refused to grant Horizon's application to dismiss the class action and granted Plaintiffs' leave to add a new class representative. Currently, there is only one named class representative. Adding Roxbury will eliminate Horizon's ability to pick off another individually named plaintiff.

Discovery remains open with both sides requiring depositions and documents. Horizon has not taken any discovery regarding North Jersey. If Plaintiffs' motion is granted, Horizon can take discovery on both North Jersey and Roxbury. Horizon will suffer no prejudice regarding its ability to defend the litigation if Roxbury is joined.

Plaintiffs will be prejudiced if leave is not granted. If the motion is denied, Roxbury would be forced to file a separate

action against Horizon. This will lead to piecemeal litigation with multiple lawsuits. This result is not in the best interest of the parties or the Court. Joining Roxbury as a class representative allows similar claims to be litigated in one matter.

CONCLUSION

For the foregoing reasons, this Court should grant to the Plaintiffs leave to file the amended complaint that is attached as Exhibit A to the accompanying Certification of Robert H. Solomon.

Dated: December 29, 2012

    NAGEL RICE, LLP

    By:   /s/ Bruce H. Nagel

    Bruce H. Nagel (BN-6765)
    Robert H. Solomon (RS-4158)
    103 Eisenhower Parkway
    Roseland, NJ   07068
    (973) 618-0400

        and

    LAMPF, LIPKIND, PRUPIS & PETIGROW

    Thomas A. Gentile (TG-6939)
    Neil L. Prupis (NP-5500)
    80 Main Street
    West Orange, New Jersey 07052
    (973) 325-2100

    *Attorneys for Plaintiff*
    NORTH JERSEY AMBULATORY SURGERY CENTER, LLC