## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA EDWARDS, in her capacity as Trustee in Bankruptcy of Roxbury Surgical Center, LLC, f/d/b/a Roxbury Open MRI and Surgery Center, and NORTH JERSEY AMBULATORY SURGERY CENTER, LLC, *individually and on behalf of all others similarly situated,*<br><br>              Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>              Defendant. | CIVIL ACTION NO. 08-cv-6160(JLL)<br><br><br><br>**AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs Barbara Edwards, in her capacity as the Trustee in Bankruptcy of Roxbury Surgical Center, LLC, f/d/b/a Roxbury Open MRI and Surgery Center ("Roxbury") and North Jersey Ambulatory Surgery Center, LLC, ("North Jersey"), individually and on behalf of all those similarly situated, hereby submit this Amended Class Action Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Horizon") in the above-captioned action.

    1.    Pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) bring this action (individually and on behalf of all those similarly situated) as beneficiaries of small employer health benefits plans administered by Horizon, to (*inter alia*) recover funds that Horizon, in violation of ERISA and the terms of those plans, failed to pay to North Jersey and Roxbury and to all similarly situated ambulatory surgical centers.

    2.    Pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) bring this action (individually and on behalf of all those similarly situated) as beneficiaries of large employer

health benefits plans administered by Horizon, to (*inter alia*) recover funds that Horizon, in violation of ERISA and the terms of those plans, failed to pay to North Jersey and Roxbury and to all similarly situated ambulatory surgical centers.

3.      Pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) bring this action (individually and on behalf of all those similarly situated) as beneficiaries of self-insured health benefits plans (also known as "administrative services only" or "ASO" plans) administered by Horizon, to (*inter alia*) recover funds that Horizon, in violation of ERISA and plan terms, failed to pay to North Jersey and Roxbury and to all similarly situated ambulatory surgical centers.

## THE PARTIES

4.      North Jersey is a limited liability company organized and existing under the laws of the State of New Jersey, having its principal place of business at 146 Route 17, Hackensack, New Jersey.  North Jersey is an ambulatory surgical center engaged in the business of providing ambulatory surgical services to patients.  An ambulatory surgical center is a facility at which outpatient surgeries are performed, which means that the surgeries performed at North Jersey never require the patient to stay overnight.

5.      Roxbury is a limited liability company organized and existing under the laws of the State of New Jersey.  From 1998 through 2010 Roxbury was engaged in the business of providing ambulatory surgical services to patients, doing business under the name Roxbury Open MRI and Surgery Center.  On May 27, 2010, Roxbury filed in the United States Bankruptcy Court for the District of New Jersey a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code.  On May 28, 2010, the United States Bankruptcy Court for the District of New Jersey appointed Barbara Edwards as the Trustee in Bankruptcy for Roxbury.

On September 22, 2011, United States Bankruptcy Judge Donald H. Steckroth issued an order authorizing Ms. Edwards to serve as a representative plaintiff in this action.  Attached as Exhibit C to this Amended Class Action Complaint is a true and correct copy of Judge Steckroth's order.

6.      Horizon is a non-profit corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at Three Penn Plaza East, Newark, New Jersey.  Horizon is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.

7.      Neither North Jersey nor Roxbury has ever been a participating provider in Horizon's network.  This means that neither North Jersey nor Roxbury has ever had a contract with Horizon setting forth the terms under which Horizon will make payment to North Jersey or Roxbury for services that North Jersey or Roxbury provides to patients who are covered under plans that Horizon administers.  Rather, North Jersey and Roxbury, as out-of-network providers *vis a viz* Horizon, provide services to patients whose Horizon policies allow them to receive services from providers who do not participate in Horizon's network.

8.      Under the terms of certain of Horizon's policies, patients who are covered under plans that Horizon administers are entitled to payment from Horizon for a portion of the cost of services obtained from providers who are not participants in Horizon's network.  The policies that allow patients to receive payment from Horizon for services received from out-of-network providers generally require the subscriber to pay higher premiums than policies that allow patients to receive services only from providers who are participants in Horizon's network.

## THE ANATOMY OF A CLAIM

9.      When a patient who is covered under a plan that Horizon administers seeks to receive services at North Jersey or Roxbury, the provider will review the information on the

patient's Horizon insurance card. The provider will then reach out to Horizon with regard to each patient's insurance coverage, and in some cases will engage Horizon in a telephone dialogue concerning a given patient's insurance coverage.

10.     The topics that North Jersey or Roxbury discusses with Horizon in such telephone dialogues can include (but are not limited to) the existence, nature and extent of the patient's out-of-network coverage; whether specific procedures are covered under the applicable health benefits plan; the amounts of applicable co-payments and deductibles; whether the patient has satisfied applicable requirements for authorizations or referrals, such as authorizations from Horizon or referrals from a primary care physician; and other issues concerning the patient's insurance coverage.

9.     When Horizon engages in such telephone dialogues with North Jersey or Roxbury, Horizon does so voluntarily and freely, and provides to North Jersey or Roxbury the patient information that the provider requests. In some cases, this dialogue, which begins upon the patient's intake, continues throughout the claims and payment process.

10.     Both North Jersey and Roxbury require that every patient who is to undergo a procedure assign benefits to the provider. Under the terms of both North Jersey's and Roxbury's standard assignment of benefits contractual language, every patient who is covered under a Horizon policy assigns to the provider benefits to which the patient is entitled under the applicable health benefits plan that Horizon administers and/or insures, including (but not limited to) the right for the provider to receive directly from Horizon payments to which the patient is entitled under the terms of the applicable health benefits plan.

3

11.     Once a patient signs the assigns his or her benefits, North Jersey or Roxbury assumes from the patient all responsibility for interacting with Horizon concerning the patient's claim under the policy, including all responsibility for receiving payment from Horizon.

12.     Shortly after providing medical services to a patient who is covered under a plan that Horizon administers, North Jersey or Roxbury sends to Horizon a set of billing materials. These materials include doctors' reports explaining the procedures that were performed, and a claim form by which the provider requests that Horizon make payment directly to the provider of the amount to which the patient is entitled under the policy.

13.     As a matter of course, Horizon accepts claim forms and doctors' reports that North Jersey or Roxbury submits directly to Horizon.  Never has North Jersey or Roxbury received from Horizon any notice that Horizon has declined to consent to the assignments of benefits that patients make to the provider by signing the assignment of benefits forms.

14.     Horizon has responded to claims submitted by North Jersey or Roxbury by sending payment directly to North Jersey or Roxbury, in the form of checks payable to North Jersey or Roxbury.  Upon information and belief, in some cases, Horizon will combine its responses to claims concerning several patients in a single transmittal to North Jersey or Roxbury, including a single check payable to North Jersey or Roxbury, representing payment on claims concerning the multiple patients referenced in Horizon's transmittal.

15.     On some occasions, sometimes months after making payment to North Jersey or Roxbury on a particular claim, Horizon will conclude that it overpaid North Jersey or Roxbury with regard to a particular claim.  Horizon will adjust for such overpayment by deducting from a subsequent check (or checks) that it sends to North Jersey or Roxbury the amount that Horizon believes that it overpaid North Jersey or Roxbury on the earlier claim.

## APPLICABLE REGULATIONS AND TERMS OF PLANS

16.     As explained herein, New Jersey statutes and regulations govern the payments that Horizon must make when patients who are covered under plans that Horizon administers receive services from out-of-network providers such as North Jersey and Roxbury.

17.     As to small employer health benefits plans (defined by N.J.A.C. § 11:21-1.2 as plans administered by employers that have at least two but not more than 50 eligible employees), N.J.S.A. 17B-27A-19 requires every small employer health benefits carrier (such as Horizon), as a condition of conducting business in New Jersey, to offer one of certain standardized plans formatted by New Jersey's Small Employer Health Benefit Board.   Each of the Board's standardized plans incorporates into its terms (by reference) a New Jersey Department of Banking and Insurance regulation codified at N.J.A.C. 11:21-7.13.

18.     Prior to mid-2009, N.J.A.C. 11:21-7.13 (emphasis added) provides as follows:

(a)  In paying benefit for covered services under the terms of the SEHB plans provided by health care providers not subject to capitated or negotiated fee arrangements, small employer carriers shall pay covered charges for *medical services* on a *reasonable and customary basis* or actual charges, and for *hospital services*, based on *actual charges*.  Reasonable and customary means a standard based on the Prevailing Healthcare Charges System for New Jersey ... incorporated herein by reference published and available from Ingenix, Inc. ...

  1.     The maximum allowable charge shall be based on the 80th percentile of the profile.

  2.     Carriers shall use the profile effective as of July 1993, and shall update their databases within 60 days after receipt of periodic updates released by the Prevailing Healthcare Charges Systems.

19.     In mid-2009, N.J.A.C. 11:21-7.13 was amended to provide as follows:

(a) Except as stated in (b) below for prosthetic and orthotic appliances, in paying benefits for covered services under the terms of the small employer health benefits plans provided by health care providers not subject to capitated or negotiated fee arrangements, small employer carriers shall pay covered charges for services, using either the allowed charges or actual charges. Allowed charge

5

means a standard based on the Prevailing Healthcare Charges System profile for New Jersey or other state when services or supplies are provided in such state, incorporated herein by reference published and available from the Ingenix, Inc., 12125 Technology Drive, Eden Prairie, Minnesota 55344.

    1.      The maximum allowed charge shall be based on the 80th percentile of the profile.

    2.      Carriers shall use the profile effective as of July 1993, and shall update their databases within 60 days after receipt of periodic updates released by the Prevailing Healthcare Charges Systems.

20.     The terms of large employer health benefits plans (defined by N.J.A.C. § 11:21-1.2 as plans administered by employers that have more than 50 eligible employees) sold within the State of New Jersey must be approved by the New Jersey Department of Banking and Insurance. The terms of large employer health benefits plans sold within the State of New Jersey commonly (if not invariably) include provisions that require an insurer to make payment to an out-of-network provider of a specified percentage of the usual, customary and reasonable charge ("UCR") for the service provided, as recognized in N.J.A.C. 11:24A-2.3(a)(2)(iii). Such large employer health benefits plans (as well as the health benefits industry generally) typically define UCR as the customary charge for the same service of providers of similar training and experience in a similar geographic area.

21.     In addition to insuring and administering small employer health benefits plans and large employer health benefits plans, Horizon also administers self-funded health benefit plans (which are also known as "administrative services only" or "ASO" plans). A self-funded health benefits plan is a health benefits plan in which the plan sponsor (such as an employer or a union), rather than an insurance company, itself acts as the insurer and makes payments on claims out of funds maintained for this purpose. Many plan sponsors retain (by contract) the services of an insurance company (such as Horizon) to administer their self-funded health benefit plans.

22.     The terms of self-funded health benefits plans sold within the State of New Jersey commonly (if not invariably) include provisions that require an insurer to make payment to an out-of-network provider of a specified percentage of UCR for the service provided.  Such self-funded health benefits plans (as well as the health benefits industry generally) typically define UCR as the customary charge for the same service of providers of similar training and experience in a similar geographic area.

23.     In administering the self-funded health benefits plans that are at issue in this class action, Horizon (as described herein) (i) exercises discretionary authority and/or discretionary control respecting the management of the self-funded health benefit plans that Horizon administers (which the plan sponsors with whom Horizon contracts have unequivocally yielded to Horizon); (ii) exercises authority and/or control respecting the management or the disposition of the assets of the self-funded health benefit plans that Horizon administers (which the plan sponsors with whom Horizon contracts have unequivocally yielded to Horizon); and (iii) has discretionary authority and/or discretionary responsibility in the administration of the self-funded health benefit plans that Horizon administers (which the plan sponsors with whom Horizon contracts have unequivocally yielded to Horizon).





27.

This is significantly less than either actual charges or eighty percent of the amount specified in the Ingenix database (which are the two options that

N.J.A.C. 11:21-7.13 allowed in the context of small employer health benefits plans). This is also significantly less than UCR (typically defined as the customary charge for the same service of providers of similar training and experience in a similar geographic area), which is the standard that large employer health benefits plans and self-funded health benefit plans typically apply when calculating reimbursement for the services of out-of-network providers.

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████

**A.** ████████████████████████████ **Large Employer Health Benefits Plans**

    29. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ violated the terms of those plans, which commonly (if not invariably) require an insurer to make payment to an out-of-network provider of a specified percentage of UCR. ████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

**B.** ██████████████████████████████ **Small Employer Health Benefits Plans**

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

31.  ██████████████████████████████████████████████████████

██████████████████  This is because N.J.A.C. 11:21-7.13 (which is incorporated by reference into the terms of all employer health benefits plans sold in New Jersey) explicitly requires reimbursements under small employer health benefits plans to be based on either actual charges or eighty percent of the amount specified in the Ingenix database.   By applying a methodology different from either actual charges or eighty percent of the Ingenix amount ██████, Horizon violated the requirements of N.J.A.C. 11:21-7.13.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████

33.  ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████

**C.** ████████████████████████ **Self-Funded Health Benefits Plans**







44. 

violated the terms of those self-funded health benefits plans, which commonly (if not invariably) require an insurer to make payment to an out-of-network provider of a specified percentage of UCR.

**D.     The Dropoff in Horizon's Payments to Out-of-Network Ambulatory Surgical Centers**

45.     Prior to October 2004, Horizon had made direct payments to class members on patients' claims submitted directly to Horizon.  In or about October 2004, the amounts of the payments that Horizon makes to class members abruptly decreased.  This abrupt decrease was noticed immediately in October 2004 by Roxbury and by other class members who were in business as of October 2004.  Horizon continued to make such decreased payments going forward from October 2004, thereby impacting North Jersey and all class members who were in business at any time from October 2004 through the present.

46.     As to claims under small employer health benefits plans, large employer health benefits plans and self-funded health benefits plans, Horizon has made payment to North Jersey and Roxbury (and to all similarly situated ambulatory surgical centers) in amounts much less than the actual charges that the ambulatory surgical centers actually bill, and much less than the reasonable and customary charges for the services rendered.

## STANDING

47.     As to claims under small employer health benefits plans, large employer health benefits plans and self-funded health benefits plans, North Jersey and Roxbury (and all similarly situated ambulatory surgical centers) have standing to bring this action against Horizon because a health care provider to whom a patient assigns benefits, as in the case of each of North Jersey's and Roxbury's patients who are insured under plans that Horizon administers, has standing to sue as a "beneficiary" under § 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  ERISA defines a "beneficiary" as "a person designated by a participant . . . who is or may become entitled to a benefit" under the plan.  29 U.S.C. § 1002(8).  ERISA further provides that a "beneficiary" is entitled to bring litigation to collect benefits owed under the plan. 29 U.S.C. § 1132(a)(1)(B). When patients assigned their benefits to North Jersey (and to similarly situated ambulatory surgical centers), the patients designated the provider to be entitled to certain benefits under the plan, including (but certainly not limited to) the right to receive payment.  Thus as a matter of ERISA law, North Jersey and Roxbury (and all similarly situated ambulatory surgical centers) are beneficiaries and have standing to bring this action against Horizon.

48.     As to claims under small employer health benefits plans and large employer health benefits plans, any anti-assignment provisions contained in Horizon's insurance contracts with its subscribers do not deprive North Jersey and Roxbury (and similarly situated ambulatory

surgical centers) of standing to bring this action against Horizon.  This is because Horizon, through its multiyear course of dealings with North Jersey and Roxbury (and similarly situated ambulatory surgical centers), has consented to patients' assignments of benefits, has waived its rights to object to such assignments of benefits, and is equitably estopped from now arguing that such assignments of benefits are void.  See <u>Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.</u>, Civ. A. No. 06-0462 (JAG), 2007 U.S. Dist. LEXIS 94056 at *7-*11 (D.N.J. Dec. 19, 2007) (Greenaway, J.); <u>Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.</u>, Civ. A. No. 06-0462 (JAG), 2006 U.S. Dist. LEXIS 35255 at *4-*8 (D.N.J. June 1, 2006) (Greenaway, J.).

49.     As to claims under self-funded health benefits plans, on information and belief, there exist no anti-assignment provisions that might possibly deprive North Jersey and Roxbury (and similarly situated ambulatory surgical centers) of standing to bring this action, because self-funded health benefits plans typically do not include such anti-assignment provisions.

## CLASS ALLEGATIONS

50.     **Numerosity**.  This action is brought by North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury), individually and on behalf of all similarly situated ambulatory surgical centers whose joinder in this action is impracticable because the Class is so numerous.  The Class consists of all ambulatory surgical centers and single-room surgical suites located in the State of New Jersey, whether licensed or unlicensed, individually and as the assignees of Horizon subscribers, and which provided services on an out-of-network basis to any patient covered under any small employer health benefits plan, large employer health benefits plan or self-funded health benefits plan administered by Horizon, on any date from October 1, 2004 through the present date.

51.   **Common Questions of Law and Fact.**   There are questions of law or fact common to the members of the Class that predominate over questions of law or fact affecting only individual members of the Class.   The questions of fact common to the members of the Class concern ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ was uniform with regard to claims such ambulatory surgical centers submitted to Horizon under small employer health benefits plans, large employer health benefits plans and self-funded health benefit plans.

The questions of law common to the members of the Class concern whether ████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ violated the terms of the applicable health benefits plans and thus constituted actionable violations of ERISA by Horizon.

52.   **Typicality.**   The claims of North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) are substantially similar to the claims of the entire Class and are typical of the claims of the Class.   This is because the underpayments that Horizon made to North Jersey and Roxbury are identical in nature to the underpayments that Horizon made to each member of the class, having come about as the result of ████████████████████████

███████████████████████████████████████████████████

████████████████████████████ In addition, the legal basis of North Jersey's and Ms. Edwards' claims against Horizon, as set forth in this Amended Class

Action Complaint's causes of action under ERISA, infra, are identical to the legal basis of all Class members' claims against Horizon.

53.    **Adequacy of Representation**.  North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) will fairly and adequately protect the interests of the class. North Jersey and Ms. Edwards will be involved in the prosecution of this action.  North Jersey and Ms. Edwards have retained attorneys experienced in the prosecution of complex civil litigation in general, and class actions in particular, including (but not limited to) experience in litigation concerning the level of reimbursement to which out-of-network providers are entitled under federal and state law.

54.    **Superiority**.  The maintenance of this action as a class action is superior to all other available methods of adjudication in achieving a fair and efficient adjudication of the controversy in this matter.  This is because (among other reasons) the prosecution of numerous separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class; the action is manageable as a class action because notice of the pendency of this action can readily be furnished to all prospective members of the Class (who are a cohesive industry already aware of the pendency of this action); prosecution of numerous individual Class members' actions involving the same claims would be costly and unnecessarily repetitive; and it is probable that the amount which may be recovered by individual Class members as a group will be large enough in relation to the expense and effort of administering the action to justify a class action.

### FIRST CAUSE OF ACTION
#### Violation of § 502(a) of ERISA

55.    Plaintiffs repeat and reallege Paragraphs 1 through 54 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

56.     North Jersey and Roxbury received assignments of benefits from patients who are covered under an ERISA plan (either a small employer health benefits plan, a large employer health benefits plan or a self-funded health benefit plan) administered by Horizon.

57.     The assignments of benefits that North Jersey and Roxbury received from patients who are insured by Horizon confers upon both North Jersey and Roxbury the status of a "beneficiary" under § 502(a) of ERISA.

58.     As beneficiaries under § 502(a) of ERISA, North Jersey and Roxbury are entitled to recover benefits due to North Jersey and Roxbury and/or to the patients, under the terms of the applicable health benefits plan and applicable law.

59.     As beneficiaries under § 502(a) of ERISA, North Jersey and Roxbury are entitled to enforce the rights of North Jersey and Roxbury and/or the patients, under the terms of the applicable health benefits plan and applicable law.

60.     As beneficiaries under § 502(a) of ERISA, North Jersey and Roxbury are entitled to clarify the rights to future benefits of North Jersey and Roxbury and/or the patients, under the terms of the applicable health benefits plan and applicable law.

61.     In violation of ERISA, Horizon failed to make payments of benefits to North Jersey and Roxbury and/or the patients who made the assignments of benefits, as required under the terms of the applicable health benefits plan and applicable law.

62.     In violation of ERISA, Horizon failed to provide North Jersey and Roxbury and/or the patients who made the assignments of benefits with all rights under the terms of the applicable health benefits plan, as required by ERISA.

63.     Horizon failed to make clear to North Jersey and Roxbury, and/or the patients who made the assignments of benefits, their rights to future benefits under the terms of the applicable health benefits plan, as required by ERISA.

64.     North Jersey and Roxbury suffered damage as a result of Horizon's violations of ERISA. North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) are entitled to monetary damages and/or restitution from Horizon, as well as other declaratory and injunctive relief related to enforcement of the plan terms, and to clarify future benefits.  In particular, and not by way of limitation, Horizon is liable to North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just, under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In addition, North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) seek counsel fees, costs, prejudgment interest and other appropriate equitable relief, including the issuance of appropriate declaratory and injunctive relief against Horizon and its removal as a fiduciary, for Horizon's violation of ERISA.

## SECOND CAUSE OF ACTION
### Violation of Fiduciary Duties of Loyalty and Due Care Under ERISA

65.     Plaintiff repeats and realleges Paragraphs 1 through 64 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

66.     North Jersey and Roxbury received assignments of benefits from patients who are covered under an ERISA plan (either a small employer health benefits plan, a large employer health benefits plan or a self-funded health benefit plan) administered by Horizon.

67.     The assignments of benefits that North Jersey and Roxbury received from patients who are insured by Horizon confers upon both North Jersey and Roxbury the status of a "beneficiary" under § 502(a) of ERISA.

68.     Horizon acted as a fiduciary to beneficiaries, such as North Jersey and Roxbury and/or to the patients who made the assignments of benefits to North Jersey and Roxbury, in connection with the beneficiaries' group health plans, as such term is understood under Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

69.     Specifically, Horizon acted as fiduciary to beneficiaries (such as North Jersey and Roxbury and/or to the patients who made the assignments of benefits to North Jersey and Roxbury) because Horizon (i) exercised discretionary authority and/or discretionary control respecting the management the plans that Horizon administers; (ii) exercised authority and/or control respecting the management or the disposition of the assets of the plans that Horizon administers; and/or (iii) has discretionary authority and/or discretionary responsibility in the administration of the plans that Horizon administers.   The exercise of discretion in such determinations of plan benefits is an inherently fiduciary function.

70.     As fiduciary of group health plans under ERISA, Horizon owes the beneficiaries of such plans a duty of care, defined as an obligation to act prudently, with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of an enterprise of like character.   Further, ERISA § 404(a)(1)(B) and (D), 29 U.S.C. § 1104(a)(1)(B) and (D), require fiduciaries (such as Horizon) to ensure that they are acting in accordance with the documents and instruments governing the plan.

71.     Horizon violated its fiduciary duty of care to beneficiaries (such as North Jersey and Roxbury and/or to the patients who made the assignments of benefits to North Jersey and Roxbury) by, among other things, determining the amounts of plan benefits that would be paid to those plan beneficiaries based on maximizing profit to Horizon (as described herein), rather than based on the terms of the plans and the applicable statutes and regulations.

72.    Specifically, Horizon violated its fiduciary duty of care to beneficiaries (such as North Jersey and Roxbury and/or to the patients who made the assignments of benefits to North Jersey and Roxbury) by, among other things, ████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ████████████████████████ under small employer health benefits plans, large employer health benefits plans and/or self-funded health benefit plans, as described herein.

73.    As a fiduciary of a group health plans under ERISA, Horizon owes beneficiaries (such as North Jersey and Roxbury, and/or the patients who made the assignments of benefits to North Jersey and Roxbury), a duty of loyalty, defined as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the fiduciary at the expense of beneficiaries. ERISA § 406, 29 U.S.C. § 1106. Horizon cannot, consistent with its fiduciary duty of loyalty under ERISA, make benefit determinations for the purpose of increasing Horizon's profit at the expense of beneficiaries.

74.    Horizon violated its fiduciary duty of loyalty to beneficiaries (such as North Jersey and Roxbury and/or to the patients who made the assignments of benefits to North Jersey and Roxbury) by, among other things, determining the amounts of plan benefits that would be paid to those plan beneficiaries based on maximizing profit to Horizon (as described herein), rather than based on the terms of the plans and applicable statutes and regulations (which require payment on a reasonable and customary basis).

75.    Specifically, Horizon violated its fiduciary duty of loyalty to beneficiaries (such as North Jersey and Roxbury and/or to the patients who made the assignments of benefits to North Jersey and Roxbury) by, among other things, ████████████████████████████████

21

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████ under small employer health benefits plans, large employer health benefits plans and/or self-funded health benefit plans, as described herein.

76. North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) are entitled to assert a claim for relief for Horizon's violation of its fiduciary duties under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including restitution, injunctive and declaratory relief, and Horizon's removal as a breaching fiduciary.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury), and all of the members of the Class, hereby demand judgment in their favor against Horizon as follows:

A.    For all damages allowed for under ERISA;

B.    For monetary damages;

C.    Declaring that Horizon has violated its fiduciary duties under ERISA, including the duties of loyalty and care to North Jersey, Roxbury and the members of the Class, and awarding appropriate relief, including civil penalties, restitution, interest, declaratory and injunctive relief to Plaintiffs, and removing Horizon as a fiduciary;

E.    Declaring that Horizon has breached the terms of applicable health benefits plans and awarding unpaid benefits to Plaintiffs;

F.    Declaring that Horizon has violated its disclosure obligations under ERISA and the federal common law, including under § 104(b)(4), 29 U.S.C. § 1024(b)(4), for

22

which Plaintiffs are entitled to statutory penalties, injunctive, declaratory and other equitable relief;

        G.     Certification of this action as a class action as set forth in this Amended Class Action Complaint, with sub-classes as needed, and appointing North Jersey and Ms. Edwards (in her capacity as bankruptcy trustee for Roxbury) as the class representatives of the Class and sub-classes as needed;

        H.     Awarding Plaintiffs the costs and disbursements of this action, including reasonable counsel fees, costs and expenses in amounts to be determined by the Court;

        I.     Awarding interest and costs of suit; and

        J.     Granting such other and further relief as is just and proper.

Dated:  February 17, 2012

**NAGEL RICE, LLP**

By:    /Bruce H. Nagel

Bruce H. Nagel (BN-6765)
Robert H. Solomon (RS-4158)
103 Eisenhower Parkway
Roseland, NJ  07068
(973) 618-0400

and

**LAMPF, LIPKIND, PRUPIS & PETIGROW**

Thomas A. Gentile (TG-6939)
Neil L. Prupis (NP-5500)
80 Main Street
West Orange, New Jersey 07052
(973) 325-2100

*Attorneys for Plaintiffs*
NORTH JERSEY AMBULATORY SURGERY
CENTER, LLC and BARBARA EDWARDS
(in her capacity as Trustee in Bankruptcy of
Roxbury Surgical Center, LLC).

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues that may be tried by jury.


Dated:  February 17, 2012

**NAGEL RICE, LLP**


By:   ___/Bruce H. Nagel____

Bruce H. Nagel
Robert H. Solomon
103 Eisenhower Parkway
Roseland, NJ  07068
(973) 618-0400

and

**LAMPF, LIPKIND, PRUPIS & PETIGROW**

Thomas A. Gentile
Neil L. Prupis
80 Main Street
West Orange, New Jersey 07052
(973) 325-2100


*Attorneys for Plaintiffs*
NORTH JERSEY AMBULATORY SURGERY
CENTER, LLC and BARBARA EDWARDS
(in her capacity as Trustee in Bankruptcy of
Roxbury Surgical Center, LLC).

# EXHIBIT **A**

# REDACTED

# EXHIBIT **B**

# REDACTED

# EXHIBIT C

Order Filed on
09/22/2011
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East, Suite 290
Paramus, NJ  07652
(201) 845-1000
Attorneys for Barbara A. Edwards, Chapter 7 Trustee
Erin J. Kennedy (EJK-9227)

| | |
|---|---|
| In Re: | Case No.:   10-26236 (DHS) |
| ROXBURY SURGICAL CENTER LLC, | Judge: Hon. Donald H. Steckroth |
| Debtor. | Chapter:  7 |
| | Hearing Date:  August 16, 2011 |
| | At 10:00 a.m. |

| Recommended Local Form: | ☐Followed | ☒Modified |
|---|---|---|

**ORDER AUTHORIZING RETENTION OF SPECIAL
LITIGATION CO-COUNSEL AND AUTHORIZING
TRUSTEE TO SERVE AS CLASS REPRESENTATIVE**

The relief set forth on the following                                              hereby
ORDERED.
DATED: 09/22/2011

Honorable Donald H. Steckroth
United States Bankruptcy Judge

Page (2)
In re:        ROXBURY SURGICAL CENTER LLC
Case No.:     10-26236 (DHS)

**APPLICANT:**     **BARBARA A. EDWARDS, TRUSTEE**

        ☒Trustee ☒Chap. 7   ☐Chap. 11          ☐Chap. 13

        ☐Debtor:          ☐Chap. 11          ☐Chap. 13

        ☐Official Committee of _____

**PROFESSIONAL:  LAMPF LIPKIND PRUPIS & PETTIGROW and**

**NAGEL, RICE, LLP**

☒ Special Litigation Co-counsel for:

        ☒Trustee ☐Debtor-in-Possession

        ☐Official Committee of _____

Upon the applicant's request for authorization to retain the professional named above,

It is hereby

        **ORDERED** as follows:

1.    The applicant, Barbara A. Edwards, Trustee, be and hereby is

      authorized to retain the professionals, Lampf Lipkind Prupis

      & Pettigrow and Nagel, Rice, LLP to act as her special

      litigation co-counsel.

2.    Compensation shall be paid in accordance with the application.

*Approved by Judge Donald H. Steckroth September  22, 2011*

Page (3)
In re:        ROXBURY SURGICAL CENTER LLC
Case No.:     10-26236 (DHS)

3.      The effective date of the retention is the date upon which the

application was filed with the court.

and it is further

ORDERED that any communications or interaction with Jane Fogari, a 50%

owner of the debtor, shall be through attorneys from Forman Holt Eliades & Ravin or

Nagel, Rice, LLP,  and Ms. Fogari shall not be required to interact with attorneys from

Lampf Lipkind Prupis & Pettigrow; and it is further

ORDERED that the Trustee is authorized to serve as Class Plaintiff in the action

pending against Horizon Blue Cross Blue Shield of New Jersey, Inc., Case No. 08-cv-

6160 (JLL) (D.N.J.).

M:\TTE\BB\ROXBURY SURGICAL CENTER\RETAIN\Co-Counsel\ORDER.Co-counsel2.doc

3

*Approved by Judge Donald H. Steckroth September  22, 2011*