IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Barbara EDWARDS, in her capacity as trustee in bankruptcy of Roxbury Surgical Center, LLC f/d/b/a/ Roxbury Open MRI and Surgery Center, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY**<br><br>Defendant. | Civ. No. 2:08-cv-6160<br>(KM-MAH)<br><br>**MEMORANDUM and ORDER** |

## KEVIN MCNULTY, U.S.D.J.

This matter comes before the Court on appeal from a non-dispositive oral ruling of Magistrate Judge Hammer. By letter order dated November 20, 2014, I directed the parties to engage in targeted discovery as to certain issues potentially relevant to the plaintiff's motion for class certification. (ECF No. 225) Magistrate Judge Hammer has ably supervised and resolved hard-fought issues over discovery of complex records involving UCR reimbursement methods, especially as to self-funded and large employer plans; plans using Navigant; self-funded plans and the extent to which Horizon exercises authority over them; and standing via patient assignments. In particular, Horizon was directed to supply affidavits on those subjects, with appropriate documentary exhibits. It appears that plaintiffs also served discovery requests upon Horizon.

Disputes arose as to whether Horizon had fully complied with the court's letter order. On November 20, 2015, Magistrate Judge Hammer received

multiple letter submissions, heard oral argument, and ruled. (The transcript of that hearing is cited herein as "Tr.")

A central dispute is over Horizon's use of the Navigant Allowance, a reimbursement allowance for certain out of network (OON) claims in connection with ambulatory surgical centers (ASC). Another dispute is over the large, medium and small sized employer plans and the UCR reimbursement method for each as that may bear on commonality and predominance. Horizon states that it does not have the information necessary to break down the plans by UCR allowance method because, as to OON providers, it did not maintain any such centralized records, and that such facts might be better gleaned from claims processing systems such as QBlue and NASCO. Horizon, in accordance with my letter order, did submit two affidavits (the Mehroke and Naeris affidavits) explaining the scope of the records and the technological limits on producing the information formatted in the manner plaintiffs desire.

Magistrate Judge Hammer, after thorough analysis of the record, accepted the conclusions of the affidavits. He found, in addition, that the defendant had made very significant efforts to analyze claims to which the Navigant allowance applied for ASO and non-ASO plans; to produce data for OON ASC plans, both ASO and insured, adjudicated in QBlue; to produce a NASCO-prepared report of Horizon OON ASC claims; and other NASCO data. This, Judge Hammer found, discharged defendants' duty to produce, not just raw data, but to perform analysis of the data for plaintiffs' benefit. Judge Hammer also directed production, within two weeks, of plan documents for ASO plans for which Horizon exercised authority (on the theory that, where some entity other than Horizon is adjudicating claims, then the material would be irrelevant). (Tr. at 22–27)

Plaintiffs characterize these matters as dispositive, but they are not. The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion

2

granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998*); Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997)(internal quotations omitted); see *Deluccia*, 2012 WL 909548, at *1 (same). Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones. *See Koon v. United States*, 518 U.S. 81, 100 (1996). And I add that even plenary review would make no difference, because I find myself in agreement with Judge Hammer, for the reasons expressed below.

Plaintiffs have appealed from Magistrate Judge Hammer's decision. Essentially, they object to the limitations on discovery; object to allowing Horizon to "unilaterally" determine the plans over which it exercises authority; and seek a plenary hearing on whether Horizon has met its discovery obligations and/or spoliated evidence. (The spoliation claim relates to an earlier analysis of cost savings which, according to plaintiffs, implies that Horizon once had the relevant Navigant data that it says does not now exist.)

To handle the main issue presented first, I will affirm the order of Magistrate Judge Hammer that the defendants had complied with their obligations under my letter order (as supplemented by his own rulings). This was a well-considered and balanced ruling, based on thorough review of the record and affidavits before him. It lies well within the traditional discretion exercised by a Magistrate Judge.

I will, however, add the following.

When they appeared before me, Plaintiffs expressed a desire to reach a prompt decision as to class certification. I found that certain necessary information was missing. I crafted a letter order in an attempt to reach a practical accommodation, via the submission of affidavits by Horizon, that would fill certain specified gaps.[1] Plaintiffs now protest, in essence, that this left too much discretion in the hands of Horizon.

Of course, discovery in the federal system, as Judge Hammer pointed out, relies to some degree on the attorneys' and the parties' honoring their obligations. And a party cannot, without more, obtain a plenary hearing simply to test whether discovery has been thorough so far.

That said, the precise contours of my letter order should not themselves give rise to satellite litigation; the overarching concern is to have sufficient discovery exchanged so that the parties may present their positions in connection with class certification. In addition to affirming Judge Hammer's order, I will therefore order the following additional relief.

To supplement what has been furnished by affidavit, the parties may serve document requests directed at the issues identified in my earlier letter order. Likewise, they may notice depositions of the two affiants, Mehroke and Naeris, to explore their assertions about the existence, or not, of the records sought pursuant to the letter order.

I add, to be clear, that I do not find any sufficient indications that spoliation has occurred, and am not calling for a hearing on that issue at this time. Nor am I suggesting that discovery provided to date has been less than complete, although further discovery may shed light on that.

---

[1] One of those gaps involved patient assignments and standing. My order noted that a relevant Third Circuit case was pending. That and other cases have now been decided, bringing more clarity to the issue, which had divided the district courts. *See, e.g., N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015); *American Chiropractic Ass'n v. American Specialty Health Inc.*, 625 F. App'x 169, 175 (3d Cir. 2015); *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014).

Once that discovery has been taken, the parties may approach Judge Hammer with respect to additional discovery that may be required, on either side, to position this matter for a decision on class certification.

**ORDER**

IT IS THEREFORE this 24th day of Feburary, 2016

ORDERED that the oral decision of Magistrate Judge Hammer, dated November 9, 2015 (ECF no. 266) is AFFIRMED. Further discovery is to be taken in accordance with the foregoing memorandum opinion.

_____
**Kevin McNulty**
**United States District Judge**